UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK S. HAMBY-BEY,

        Petitioner,

                                                        CASE NO. 08-CV-13284
v.                                                 HONORABLE MARIANNE O. BATTANI

DAVID BERGH,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. Introduction

Mark Hamby-Bey ("Petitioner"), a Michigan prisoner, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first-degree felony murder following a jury trial in the Wayne County Circuit Court in 1977 and was sentenced to life imprisonment. In his habeas petition, Petitioner asserts that the State of Michigan lacked jurisdiction to try and convict him.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears

1

from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). After undertaking the review required by Rule 4, the Court denies with prejudice the petition for writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

## II. Discussion

As an initial matter, the Court notes that Petitioner has failed to demonstrate that he has exhausted his state court remedies at to the claims contained in his petition. A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160. Petitioner has not done so.

Even though Petitioner has not exhausted his habeas claims in the state courts, the Court declines to dismiss the petition on such a basis. While the exhaustion requirement is strictly

enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *see Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *see also* 28 U.S.C. § 2254(b)(2) (habeas petition may be denied on the merits despite the failure to exhaust state court remedies). The Court finds that the interests of justice would be best served by adjudicating Petitioner's claims as they lack merit and may be denied despite the lack of exhaustion.

Petitioner asserts that he is entitled to habeas relief because the State of Michigan and the state court lacked jurisdiction over his criminal proceedings. Petitioner claims that "Michigan lost it sovereignty, jurisdiction, and rights to try, convict, and sentence under a non-existing State created law that ceased to exist in Michigan, when Michigan's boundaries were deleted in the Mich. Const. of 1963...." However, the determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a "function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976); *see also Chandler v. Curtis*, 2005 WL 1640083, *2 (E.D. Mich. July 13, 2005) (Cohn, J.); *Groke v. Trombley*, 2003 WL 1708109, *5 (E.D. Mich. April 1, 2003) (Lawson, J.); *accord Write v. Angelone*, 151 F.3d 151, 157-58 (4th Cir. 1998); *Rhode v. Olk-Long*, 84 F.3d 284, 287 (8th Cir. 1996). It is well-settled that a perceived violation of state law may not provide a basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review. *See Strunk v. Martin*, 27 Fed. Appx. 473, 475, 2001 WL

1450740, *2 (6th Cir. 2001). Petitioner has thus failed to state a claim upon which federal habeas relief may be granted in his pleadings.

Furthermore, Petitioner's jurisdictional claims lack merit. Federal courts have rejected other such jurisdictional claims as being frivolous. *See, e.g., Evans v. Lafler*, No. 4:06-CV-151, 2007 WL 1101176, *4 (W.D. Mich. April 5, 2007) (adopting magistrate judge's report denying habeas relief where state prisoner claimed that state courts lacked jurisdiction to try him because they never acquired a security interest over him under the Uniform Commercial Code); *Van Hazel v. Luoma*, No. 05-CV-73401-DT, 2005 WL 2837356, *2 (E.D. Mich. Oct. 27, 2005) (citing cases). Petitioner's claims challenging the State of Michigan's sovereignty and the state court's jurisdiction over his criminal proceedings are equally frivolous. His petition must therefore be dismissed.[1]

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for writ of habeas corpus.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that

---

[1]The Court notes that Petitioner's claims also appear to be barred by the one-year statute of limitations applicable to federal habeas actions given that Petitioner was convicted in 1977 and did not file the present petition until July, 2008. *See* 28 U.S.C. § 2244(d). Petitioner has presented no arguments for statutory or equitable tolling of the one-year period.

reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id*. at 336-37.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). The Court finds that it is presently in the best position to make a COA ruling. Having considered the matter, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims. The Court therefore **DENIES** a certificate of appealability.

Lastly, the Court concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a). Accordingly, the Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATE DISTRICT JUDGE

Dated: August 7, 2008